THE TRUSTEES OF WESTMINSTER COLLEGE, Plaintiffs in Error, v. ESTATE OF H. R. GAMBLE, Defendant in Error.

1. *Contract — Endowment — Subscription.*— An agreement to contribute to an endowment fund when a certain sum of money is raised as a capital will be enforced where the capital to that amount consisted of interest-bearing notes made by persons of unquestioned solvency; and the money need not be actually paid in. The amount was raised in accordance with the condition of such promise when the same was assured by the undertaking of solvent and responsible obligors.

*Appeal from St. Louis Circuit Court.*

*Lackland & Martin,* for plaintiffs in error.

*Dryden & Lindley,* for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff, an institution incorporated by the laws of this State, presented to the Probate Court for allowance a demand against the estate of H. R. Gamble, deceased. The Probate Court rejected the demand, but upon appeal to the Circuit Court judgment was rendered for the plaintiff, and the case is brought to this court by writ of error. The following is the instrument presented for allowance, and upon which the Circuit Court gave judgment:

"ST. LOUIS, February 16, 1856.

"When twenty thousand dollars, including the amount herein specified, are raised as a capital to endow the Potts professorship in Westminster College, I promise to pay the trustees of Westminster College one thousand dollars as a part of the endowment of said professorship, and be used only for that purpose.

"(Signed) H. R. GAMBLE."

On the trial it was testified by the general and financial agent of the college that on the first day of October, 1858, over twenty thousand dollars had been raised as a capital to endow the Potts professorship in Westminster College, and that the same was at interest for the benefit of the professorship. He also testified that the said professorship was regularly established in the college in 1859, and had continued up to the present time. Upon cross-examination he stated that the capital of twenty thousand dollars was raised by the friends of the college executing their notes with interest, some bearing interest from date, others to become due and bear interest when the whole amount was raised. The defense is based exclusively upon the assumption that the promise was made upon the condition that the amount should be raised — that to satisfy this condition the money must be actually paid in, and that taking notes or obligations for the endowment fund was not a sufficient compliance with the terms of the contract to fix any liability on the defendant. We must endeavor, if possible, to ascertain what the parties themselves meant and understood by the language they employed. The intention must be gathered from the terms used in the agreement, with particular reference to the subject matter. It cannot depend so much upon any formal arrangement of words as on the reason and sense of the thing to be collected from the contract and the matter to which it relates. The object was to endow a professorship, and the means proposed to accomplish the end was to raise the endowment fund by individual subscriptions or promises. The agreement was to pay when a certain amount was raised. It is not stated that the sum should be raised in money. Nor do we think the word, taken in the connection in which it is used, necessarily implies *ex vi termini* — that such was intended to be its meaning. Wherefore should the money be paid up? The principal was not intended to be used to support the professorship, but the interest resulting therefrom. Had the money been paid, it would then have been necessary to loan it out on interest to carry out the purpose contemplated. We apprehend there can be no essential difference, as far as the liability of the defendant is affected, whether the money was paid in and loaned out on interest to secure the object of the donation,

or whether the amount was raised by the obligations of persons of undoubted solvency, bearing interest. The result is the same. Defendant's promise was not binding till a specified sum was raised from other sources ; others contracted with like conditions ; and the interpretation contended for would completely invalidate everything done touching the transaction, and abolish the established professorship *in toto*. The amount was raised in accordance with the condition of the promise, when the same was assumed by the undertaking of solvent and responsible obligors. That such was really the intention of the parties there can be but little doubt, when we consider the manner in which schemes of like description are generally built up. The evidence shows that the amount has been raised by the obligations of persons of unquestioned solvency, and that the professorship has been established and kept in operation.

This, we think, abundantly fulfills all the stipulations and conditions required by the contract, and the judgment should be affirmed. The other judges concur.

<div style="text-align:right">

42　413
44a　428

42　413
72a　105

42　413
77a　7
77a　20
80a　418

42　413
99a　³130